IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD B. McNEAL,** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **STATE FARM FIRE AND** | : | |
| **CASUALTY COMPANY, et al.,** | : | |
| *Defendants.* | : | NO.  24-cv-03146 |

**MEMORANDUM**

**KENNEY, J.**                                                                                      November 4, 2024

On July 17, 2024, pro se Plaintiff Gerald McNeal filed a Complaint (ECF No. 1) alleging bad faith insurance claims ("First Cause of Action" and "Second Cause of Action") and a violation of civil rights under 42 U.S.C. § 1981 ("Third Cause of Action") against State Farm Fire and Casualty Company ("State Farm"), Vasquez Insurance Agency, Inc. ("Vasquez"), and Quanetta Sullivan (collectively the "Defendants").[1][2]

Plaintiff's First and Second Causes of Action are bad faith claims against Defendants that arise under state law.[3] ECF No. 1 ¶¶ 18–22, A–F.  Plaintiff's Third Cause of Action against Defendants is a federal race discrimination claim under 42 U.S.C. §1981. *Id.* 1 ¶¶ 23–28.

---

[1] Plaintiff originally filed the Complaint on behalf of four additional plaintiffs: Mercedes McNeal, Elijah McNeal, Alexus McNeal, and Milan Lofton. ECF No. 1. The Complaint also incorrectly designated "State Farm Insurance Company" as a defendant rather than "State Farm Fire and Casualty Company." *Id.*  The Court granted Plaintiff's Motion to Amend the Complaint to dismiss the other plaintiffs and correct references of "State Farm Insurance Company" to "State Farm Fire and Casualty Company." ECF No. 25.
[2] Plaintiff's Complaint alleges three causes of action, described as the First, Second and Third Cause of Action. ECF No. 1 at 3–4. Each cause of action is against all Defendants. *Id.* The Court will use Plaintiff's descriptions of the causes of action.
[3] Plaintiff does not specify which state law applies in the Complaint. In its Motion, Defendant analyzes the claims as though Pennsylvania state law applies, and Plaintiff's response indicates the claims are under Pennsylvania law.

Presently before the Court is Defendant's Motion to Dismiss with prejudice Plaintiff's bad faith claims (First and Second Causes of Action) against Defendants Vasquez and Sullivan, and Plaintiff's claim of a violation of civil rights under 42 U.S.C. § 1981 (Third Cause of Action) against Defendants (the "Motion"). ECF No. 10. Plaintiff filed a Response to Plaintiff's Motion. ECF Nos. 18, 19.[4] Accordingly, Plaintiff's Motion is ripe for determination. For the reasons set forth below, the Court will grant Defendant's Motion in part and deny the Motion in part. Plaintiff's federal law claim of a violation of civil rights under 42 U.S.C. § 1981 (Third Cause of Action) will be dismissed with prejudice; the state-law bad faith claims against all Defendants (First Cause of Action and Second Cause of Action) will be dismissed without prejudice for lack of subject matter jurisdiction to be filed in the correct forum. An appropriate Order will follow.

I. **BACKGROUND**

This case involves an automobile accident on July 22, 2022, that allegedly "resulted in Plaintiff's loss of personal items and caused physical injuries, leading to pain and suffering."[5] ECF No. 1 ¶ 5. At the time of the accident, Plaintiff held insurance policies from State Farm Mutual Automobile Insurance Company, which covered his vehicles and trailer, ECF No. 1 ¶ 6, ECF No. 10-3, 10-4,[6] and State Farm Fire and Casualty Company, which covered his personal property

---

[4] Plaintiff filed two Responses (ECF Nos. 18, 19) to the Motion received on September 19, 2024, and September 26, 2024, respectively. The only difference appears to be spacing of the case caption. The Court will cite to ECF No. 18 for consistency.

[5] Plaintiff provides no other description of the underlying automobile accident. ECF Nos. 1, 19. Defendants describe the accident in further detail and attach a police report as an exhibit to their Motion to Dismiss. ECF No. 10 at 7–8, 10-2. The Defendants' description of the accident and the police report are irrelevant to the federal claim analysis and were not considered in the Court's decision.

[6] Plaintiff provides the policy numbers of his insurance policies in the Complaint but not the contracts. ECF No. 1 ¶ 6. Defendants attach the contracts as exhibits to their Motion to Dismiss. ECF No. 10-3–10-5. The Court "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the

under a homeowner's policy, ECF No. 1 ¶ 6; ECF No. 10-5.[7] After the accident, Plaintiff filed claims with State Farm seeking coverage for loss of personal items and pain and suffering. ECF No. 1 ¶ 7. State Farm denied Plaintiff's claim for loss of personal items and for pain and suffering. *Id.* ¶ 8.

Plaintiff subsequently filed a lawsuit against State Farm, Vasquez, and Sullivan alleging bad faith in the handling of his insurance claims and racial discrimination under 42 U.S.C. § 1981, claiming that "Defendant[s] wrongfully refused to pay the claim for personal items lost and for pain and suffering." *Id*. Plaintiff alleges that State Farm denied his claim because he is Black. *Id.* at ¶¶ 10-12. In response, State Farm filed this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that bad faith claims under Pennsylvania law can only be made against the insurer, rather than an agent or individual, and Plaintiff's claim of racial discrimination is based on conclusory factual allegations that do not set forth the essential elements of a claim required to survive a motion to dismiss. ECF No. 10 at 11–12.

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183

---

document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).

[7] In Defendants' assorted filings, including the Motion to Dismiss (ECF No. 10) and their Disclosure of Citizenship (ECF No. 17), Defendants indicate the appropriate State Farm entities as State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company. In his Motion to Amend, Plaintiff moved to correct the Defendant's name and only requested the change to "State Farm and Casualty Company." ECF No. 25 at 1. The Court granted Plaintiff's motion and the remaining State Farm entity is State Farm Casualty Company. ECF No. 26.

(3d Cir. 1993) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (citation omitted). A complaint is plausible on its face when the plaintiff pleads a factual contention that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal.*, 556 U.S. 662, 678 (2009). Additionally, courts must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

When a plaintiff proceeds without an attorney (pro se), courts hold his pleading to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and courts are obliged to "liberally construe" his pleadings, *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (explaining that pro se litigants must abide by the same rules that apply to all other litigants).

### III. DISCUSSION

#### A. Violation of civil rights against all Defendants (42 U.S.C. § 1981) (Third Cause of Action)

For the reasons below, after construing the Complaint and Response in the light most favorable to the Plaintiff, the Court will dismiss Plaintiff's Third Cause of Action with prejudice.

42 U.S.C. § 1981 Equal rights under the law – provides as follows:

(a) Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the

security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined. For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment. The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

"To prevail [under 42 U.S.C. § 1981], [P]laintiff must initially plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 589 U.S. 327, 341 (2020). Plaintiff must provide factual matter related to the handling of his claim that would demonstrate his individual claim was handled differently because of his race. He does not, and thus, even assuming all Plaintiff's allegations are true, the Court cannot find that the State Farm's denial of Plaintiff's claim was because of Plaintiff's race.

In the Third Cause of Action of his Complaint, Plaintiff alleges that the Defendants violated 42 U.S.C. § 1981 by refusing to honor Plaintiff's insurance policy and for interfering with Plaintiff's right to make and enforce contracts because he is Black. ECF No. 1 ¶¶ 26–27. Plaintiff's Complaint, however, provides no basis for such claim other than the facts that Plaintiff is Black, that State Farm denied his claim for personal items lost and pain and suffering, and an allegation that:

> [U]pon information and belief, Defendant has engaged in discriminatory practices that disproportionately impact Black policyholders. Defendant's practices, include, but are not limited to, higher claim denial rates, longer processing times and less favorable settlements for Black policyholders compared to similarly situated non-Black policyholders. Defendant's discriminatory practices have been documented in multiple complaints and investigations, indicating a pattern of bias against Black policyholders.

*Id.* ¶¶ 10–12, 25–26.

In his Response, Plaintiff restates his allegations and cites to *Huskey v. State Farm Fire & Cas. Co.*, No. 22 C 7014, 2023 WL 5848164 (N.D. Ill. Sept. 11, 2023), an unreported district court in the Seventh Circuit. ECF No. 18 at 2. The Plaintiffs in *Huskey*, though, brought their causes of action under 42 U.S.C. § 3604 and § 3605, the Fair Housing Act, not 42 U.S.C. § 1981. *Huskey*, 2023 WL 5848164 at *1. Thus, *Huskey* is both non-precedential and inapplicable to the alleged violation under 42 U.S.C. § 1981.

Otherwise, Plaintiff's restatements provide no new support for the allegations or particular facts pertaining to the handling of his claim that implicate his race. ECF No. 18 at 1–2. As pointed out by Defendant's Motion to Dismiss and not controverted by Plaintiff's Response, Plaintiff provides no facts related to the alleged "multiple complaints and investigations," except a citation to *Huskey*, showing State Farm's alleged discriminatory practices or the time and place of such discriminatory practices. ECF 10 at 13. There is no explicit or inferable connection between the prior alleged unspecified acts and the handling of Plaintiff's claim. *Id.* There are no allegations of any discussion, remarks or comments made about Plaintiff's race. *Id.* Nor is there an aspect of his particular claim that shows how race played a role in the evaluation of his claim, let alone how race was the but-for cause of State Farm's denial of his claim. *Id.*

Despite Plaintiff's assertion to the contrary, these allegations are conclusory and provide an insufficient basis for Plaintiff to make out a racial discrimination claim. ECF No. 18 at 1–2. Even with a liberal construction of the Complaint and Response in the light most favorable to Plaintiff, without any specific factual allegations that show race was the but-for cause for the denial of his claims, Plaintiff has failed to "state a claim to relief that is plausible on its face." *Iqbal* 556 U.S. at 678-79 (2009).

Plaintiff had ample opportunity to respond with more than conclusory statements in both his opportunity to amend his Complaint (ECF No. 16) and in his Response to the Motion to Dismiss (ECF No. 20). Plaintiff amended his Complaint to remove additional plaintiffs and correct the name of State Farm but did not provide any additional facts that supported his conclusory allegations. ECF No. 25. Accordingly, the Court will dismiss Plaintiff's Third Cause of Action with prejudice.

## B. State-law bad faith claims against all Defendants (First and Second Causes of Action)

Given the above dismissal of the federal claim, Plaintiff's remaining claims are only state-law bad faith claims against Defendants. Defendants move to dismiss the state-law claims against only Vasquez and Sullivan with prejudice. The Court lacks federal subject matter jurisdiction over these claims and will decline to grant supplemental jurisdiction for the reasons discussed below. As such, the state-law bad faith claims against all Defendants are dismissed without prejudice.

### 1. Subject Matter Jurisdiction

Federal courts may only hear cases over which they have subject matter jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). There are only two forms of subject matter jurisdiction: "federal question jurisdiction" and "diversity jurisdiction." *See Trinh v. Off. of Recs. City of Phila.*, 779 F. App'x 118, 119 (3d Cir. 2019). Federal question jurisdiction exists in "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists where a civil action has a "matter in controversy [that] exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a). "In order to sustain federal jurisdiction based on diversity, **all** of the parties on one side of the controversy must be citizens of

different states from **all** the parties on [the] other side." *Enza, Inc. v. We The People, Inc.*, 838 F. Supp. 975, 977 (E.D. Pa. 1993) (citing *Empr's Ins. of Wausau v. Crown Cork & Seal Co.*, 905 F.2d 42, 45 (3d Cir. 1990)) (emphasis added). "The burden of establishing federal subject matter jurisdiction rests with the party asserting its existence"—or here, Plaintiff. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). As subject matter jurisdiction is necessary to proceed, a court can raise issues with its subject matter jurisdiction *sua sponte*. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003).

Here, the Court lacks subject matter jurisdiction over Plaintiff's remaining claims of bad faith. The Court does not have federal question jurisdiction over these claims, as nothing in the Complaint suggests the state bad faith claims arise under the Constitution, laws, or treaties of the United States.

Similarly, the Court does not have diversity jurisdiction over these claims. Plaintiff alleges that the amount in controversy in this case exceeds $75,000, although he provides no support for this amount after four of the plaintiffs were removed from the Complaint. ECF No. 1 ¶1; ECF No. 26. Regardless of the amount in controversy, there is not complete diversity of citizenship and therefore no subject matter jurisdiction: Plaintiff is a citizen of Pennsylvania, ECF No. 1 ¶3, and Defendants are citizens of Illinois, Pennsylvania, and Texas, ECF No. 17. If even one of the Defendants is a citizen of Pennsylvania, there is no diversity jurisdiction over the state-law claims of bad faith.

The Third Circuit has "repeatedly held that a district court has an obligation to provide the parties with notice and an opportunity to be heard before dismissing a case for lack of jurisdiction." *S. Freedman and Co., Inc. v. Raab*, 180 F. App'x 316, 321 n.1 (3d Cir. 2006) (citing *Neiderhiser v. Borough of Berwick*, 840 F.2d 213, 216 n.6 (3d Cir. 1988)). Accordingly, this Court gave

Plaintiff ample opportunity to amend his complaint to show this Court that subject matter jurisdiction existed. ECF Nos. 16, 22.

Since both Plaintiff and Defendant Vasquez are citizens of Pennsylvania and there is no federal question jurisdiction, this Court lacks subject matter jurisdiction and will dismiss the state-law claims of bad faith.

### 2. Supplemental Jurisdiction

Ordinarily, if the court determines at any time that it lacks subject-matter jurisdiction, then it must dismiss the action. Fed. R. Civ. P. 12(h)(3). However, when a district court dismisses all claims over which it has original jurisdiction, the Court may—but need not—exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3). The Court's decision to exercise supplemental jurisdiction is within its discretion. *See Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). However, that discretion is not "unbridled," *id.*; it should be based on "the values of judicial economy, convenience, fairness, and comity," *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "[In] the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims. *Id* at 350 n.7.

Here, having dismissed Plaintiff's federal question claim (racial discrimination under 42 U.S.C. § 1981) and concluding that the Court lacks independent subject matter jurisdiction over Plaintiff's state-law bad faith claims, the Court must consider whether to retain jurisdiction over the state-law bad faith claims through its discretionary powers of supplemental jurisdiction. Upon examining Plaintiff's Complaint and balancing judicial economy, convenience, fairness, and comity, retaining the bad faith claims would be improper. Accordingly, without subject matter jurisdiction or any reason to exercise its discretionary power of supplemental jurisdiction, the

Court will dismiss the state-law bad faith claims without prejudice. *See Kach*, 589 F.3d at 650 ("If a district court decides not to exercise supplemental jurisdiction and therefore dismisses state-law claims, it should do so without prejudice, as there has been no adjudication on the merits." (citation omitted)).

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Defendant's Motion to Dismiss. Plaintiff's claim for a violation of civil rights under 42 U.S.C. § 1981 against all Defendants (Third Cause of Action) will be dismissed with prejudice because Plaintiff failed to plead sufficient factual matter to allow the Court to draw the reasonable inference that Defendants are liable for the alleged misconduct, despite opportunities to amend his Complaint or respond appropriately to the Motion to Dismiss. Plaintiff's bad faith insurance claims against all Defendants (First Cause of Action and Second Cause of Action) will be dismissed without prejudice for lack of subject matter jurisdiction because the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**
_____
**CHAD F. KENNEY, JUDGE**